Grace Marie Tomaselli et al. v. Donald Beaulieu, etc. et al. Attorney Thomas Gleason for the Plaintiffs Grace Marie and Joyce Tomaselli. I'd like to begin, Judge, Your Honors, that obviously this is a case that involves quite complicated procedural history and some complicated factual history as well. I became involved in this case, I believe it was in 2012, after the plaintiffs had been granted leave to file a second amended complaint, which they had filed. And after a point in time when the defendants had filed a motion to dismiss, which was eventually allowed, and the appeal was taken from that allowance of that motion to dismiss. I think it's important, relative to interpretation of the plaintiff's complaint here, is that it was filed pro se. And I cited some law in my brief which basically sets forth when the court evaluates and looks at and tries to interpret what it is that pro se litigants file, they are entitled to some, and of course I'm paraphrasing, some leeway in terms of requirements that might otherwise be foisted upon attorneys who file pleadings with this court. So given that, and even given that consideration, obviously the overriding concern here, overriding issue, is really the statute of limitations. That's how the lower court looked at this case, and of course that's how I will present it to this court. I think, however, that before I get there, is that one of the claims is something that really the statute of limitations doesn't apply, and I don't conceivably see how it could apply, and that is the First Amendment claim. This case was filed, originally filed, in the Superior Court in April of 2008. It was a federal filing three days later, I believe it was April 18th on February 21st, and I believe that the record indicates that the parties, after the filing in this court, agreed to, because the cases were essentially, as I understand it, the same thing and dealing with the same issues, agreed to let the Superior Court case go and proceed in this case. The First Amendment claim involves incidents that occurred at two Board of Selectment meetings, one in April of 2008 and the other in May of 2008. So in terms of the statute of limitations, obviously, and I know I don't have to argue any further, that's not a valid basis for dismissing the First Amendment claim. Let me ask you about the facts. You're talking about town meetings and town council meetings? Board of Selectman meetings. Board of Selectman meetings, but there's a reference also to a town meeting with a moderator in your complaint. I believe that's a Board of Selectman meeting, Judge. So given that Boards of Selectman can regulate and limit and have rules for who speaks and in what order they speak and how long they speak for and the like like that, how can we tell in reading the complaint whether your clients were told they couldn't keep speaking or removed for proper or improper reasons? What is there in the complaint that you would point us to? Well, I don't think there is anything, Judge, and I don't think we have to plead it. What the requirement is is that we're supposed to plead a plausible entitlement to relief. And if you look at the operative provisions of the First Amendment claim, we're looking at paragraphs 59, I believe, 83, and 84. What you see is that we've identified the individuals involved. It's the Board of Selectman and there's a specific named moderator. We identify, the plaintiffs identify the conduct that's at issue. They were forcibly removed from the meeting. They were not allowed to speak. They were barred from another meeting, I believe, in May. We've identified the speech. If you look at the paragraphs, Judge, 59, 83, and 84, is it specifically set forth? I mean, the paragraphs speak for themselves, of course, but I don't recall whether it specifically sets forth. We were talking about the sewer user fees and the sewer betterment. But when you look at the complaint, Judge, and you read it as a whole as the court must, it's obvious what it is that the plaintiffs are saying, the speech that's going on at these particular meetings. Let me ask you, under the town of Massachusetts law, does a citizen have a right to go to a town council meeting and speak? Board of Selectman meetings? Yes, a Board of Selectman meeting. I would say off the top of my head, Judge, I believe that they do have a right. You can just stand up and speak on any subject you want, whether it's an agenda item or not, whether there's a hearing or not. I didn't say that, Judge. The question was, is whether or not citizens at public meetings of their elected officials have a right to speak? And I would say off the top of my head, yes, they do. I acknowledge, Judge, you're looking at this and asking the further question, well, there are rules, possibly. There are times when people can speak when they can't speak, and all of those considerations. I understand that, Judge. But I would say in terms of raising a plausible entitlement of relief, it is not required to go into that type of specificity in order to establish a First Amendment claim. Well, I'm asking an even predicate question, not even about that. I'm just asking, do you have a right to speak at all? I mean, at lots of public meetings, a citizen can't show up and speak at all. How do we know this is a meeting of the U.S. Senate, for example? How do we know that this particular town's rules allow or don't allow public comment at select meetings? Well, I think, Judge, that in terms of framing an issue for a complaint, is that in a First Amendment claim, when it is enough for somebody to say, I went to a public meeting of my elected officials, I tried to speak on a particular topic, apparently they were allowed, from the nature of the allegations, they were allowed to speak, Judge, because they were stopped. They were forcibly removed from a public meeting, and they were not allowed. You don't think you have to allege anything about the motivation or intention of the person who was restricting them from speaking to survive at Baltimore? I think, Judge, that in terms of how this complaint is pled, and when you read it as a whole, it is perfectly clear that what the plaintiffs are saying is, is we went to a Board of Selectment meeting, we were forcibly removed from a public meeting, we were not barred from coming back to the meeting because we were speaking about these things that we're raising in our complaint. I think it's inescapable. And I think the problem with this summary judgment motion standard is, is the problem is this, is if you start making it too specific as to what it is that people need to put in there for facts, the other side of the coin is, is people are deprived of their right to a hearing. When you look at the facts of this case, and you go through it, and you see obviously the heartache of these plaintiffs and what it is that they've been through all of these years, and you see that, what you can also see is that a lot of it is because they're not being heard. They're not being allowed to present things, and they're not being allowed to be heard. And they're not allowed to acquire information that they need as citizens in order to make decisions about what happens to their property and their lives. But we're always balancing this pleading issue, and we always have some concern that they haven't even been able to do discovery yet, so we can't expect. But on this particular complaint, you're alleging facts that your clients knew firsthand exactly what happened at the meeting, whether they were speaking, what they said, why someone removed them. I mean, we're not even told, we're told, for example, they're complaining they didn't get to rebut someone else's charge. Well, that may or may not be perfectly appropriate. We just don't know. They've given us no facts to work with. Judge, I think in terms of the job of this court and the lower court, and to be looking at do a certain set of somebody makes an accusation, they've dressed it up with facts. Do these facts, are they plausibly entitled to relief if we believe all of those facts that they're alleging? And plaintiffs say that you have enough facts within those paragraphs, and then when you look at the complaint as a whole and what it is that they were going through, that they've stated enough that there's arguably a claim here to move forward. Counsel, the problem is when you look at the complaint as a whole, clearly from their perspective they've been through hell for a bunch of years, but it's going to be very difficult to persuade us that some of those are not time-barred, because they've been on notice about this for a long time, and it's perhaps unfortunate that they didn't come to you early on when all of this began. But in terms of the First Amendment claim, they've got to contextualize it with personal information and public information that's available to them for us to be able to make a determination of plausibility, it seems to me. Well, that's, I guess, where I respectfully disagree, Judge. And I don't disagree with the legal analysis. I disagree that they haven't done that. I think when they identify the date, they identify the place, they identify the public body that they're in front of, they identify that they're citizens, they identify the subject matters about which they're speaking and wish to speak, when they go through and they describe being prevented from speaking, being forcibly removed from a public meeting, and then being barred from entering a public meeting, when they do all of those things and allege all of those things which they have, in the overall context of the dispute that's going on, they have stated a First Amendment violation. Now, I'm not going to disagree with Your Honor that as we move forward into discovery, yeah, the court needs to know or a jury needs to know a lot about the circumstances that are going on, what happened, and to totally, you know, present all of those things in order to make the ultimate determination, has there been a First Amendment violation. But for these purposes, for this purposes, for somebody's right to be heard, to be heard on the evidence that they have, they have presented enough. Can I turn your attention back to this statute of limitations question and the time bar issue? On the question of the betterment assessment and the argument, if I understand, is that there was no way for them to know that the town actually incurred no expense. They were trying to recoup from the assessment until it says in your brief, I believe, 2005, they first got wind of it. Could you? Yes. Is that right? Yes. And there's no explanation of what happened in 2005 that made it possible for them to discover it then, as opposed to any other time. What are we supposed to do with that? Because I take it the theory is they couldn't have discovered until they knew that the government's initial representations weren't true. But somehow they did discover it around 2005. I think, Judge, that first of all, I think that when somebody's alleging whether or not they have a plausible entitlement to relief, I understand that pleading would require that you give us some information about time frames. But I don't know that an element of the case, because technically the statute of limitations is a defense that a defendant raises and a defendant wants to establish. Right. No, I'm just trying to understand for application of the discovery rule, not Iqbal Tuamli or any of that. Just the argument you're making is they couldn't have known about the real source of the injury until they knew the town didn't have to pay any money. That's what made the tax and the assessment illegal. That's the argument. Right. Okay. But the question for us is what was stopping them from knowing that? And one possibility is there's no way you could know it unless the government came clean. And that supposedly happened when they testified, you say, in 2006 or something like that. 2006. 2006. But in the brief, it suggests that you got wind of it, your clients got wind of it in 2005, before the government made any statement to that effect. So I guess I'm just wondering that at least suggests maybe it was possible to discover it much earlier, and I just sort of at a loss as how I would figure out at what point they actually could have discovered it. Well, I think, Judge, first of all, in order to do your job, and I mean this respectfully, I'm certainly not telling any judge how to do their job, is I don't think you have to. Because the question is, is there a plausible entitlement to relief? And when you're looking at the discovery rule, the standard is, and I'm just reading from the judge's lower court decision, is statute of limitations is told until events occur or facts surface, which would cause a reasonably prudent person to become aware that he or she has been harmed. So it's a fact-specific inquiry. Right. But we have two things here. We've got the fact of the tax being levied, the assessment. One possible argument, that's the town's argument. At that moment, you are on inquiry notice. You should have figured out if you had a problem. You say that's not true. We couldn't have known because the town was telling us that they incurred all these costs, which turns out not to be true. And you say the key moment is when we learned it was not true that the town had to pay. And the first time that happens, you say, is 2006 when the town says that. But, in fact, your brief says, actually, you figured it out earlier than 2006. So the question I guess I'm really asking is, doesn't that suggest maybe you were on inquiry notice and there was a way to figure out that the town didn't have to incur all those charges much earlier than 2006? Yeah, I think you're right, Judge, and I'm not going to dispute the fact with you that the plaintiffs were on inquiry notice, and I'm not disputing the fact that they could have found out this information in another way because they're alleging that they did. They found out, may I finish my point? Yes. Thank you. They found out in 2006, there was a letter from, it's in the record, there was a letter from the EPA which gave them a lot of the information and there had been some other information that they acquired late in 2005 which gave them the information. Hold it here. Wait. You just inserted the word late in 2005. That's not what, your complaint actually answers Judge Barron's question. It says in paragraph 75, it was not until 2005 that plaintiffs discovered through other concerned long-term citizens of the town, the U.S. EPA and other federal and state agencies, the true scope and cost of initial project and the fact that all costs had been paid by federal and state grants. So the complaint itself simply says that they learned it from, among others, other citizens in 2005. Right. Not late 2005. Right. And they filed this lawsuit in April 21 of 2008. Right. So they were under their own admissions time barred unless we do something like you just did which is insert the word late in the plea. Well, I think you have to, Judge, because that's what the pleading says. It says 2005. But the issue is it's time barred if it's before April 21 of 2005. It's not if it's afterwards, Judge. And the reason why I say that is if we're interpreting this complaint and we're interpreting from the perspective of, first of all, it's a pro se complaint, it's a very complicated law complaint, I think it's amazing what a pro se litigant, how they drafted this complaint. Well, yes, it is amazing because they had a complaint. The other side raised the time bar that you had to do it within three years prior to April 21 of 2008. They then write a complaint knowing exactly when it was they learned, and they say it was not until 2005. They avoid telling us or anyone when it was in 2005,  Well, I think, Judge, if you read further in the complaint, they also say that they learned in 2006 from the letter from the EPA that there had been no ‑‑ It makes no difference how many times they learned. We're only concerned with the first time they learned. Well, I think, Judge, we're looking at the complaint as a whole, and they're saying, and I'll agree, you know, as great as the complaint is for a pro se litigant, there's problems with it. But if we're giving them that leeway, they also say they found out in 2006, Judge, and that's why I took the liberty of saying late in 2005. But may I respond to Judge Barrett to your last point? They're on inquiry notice, and obviously they found out through other means. That's obviously clear. But here's the thing. They also make allegations, very specific allegations of fraud. And where is it that they're supposed to go to be able to get the information about the fees and expenses on their property? Where do they go? They go to their elected officials. And they've made very specific allegations, a series of them in this complaint, that when they went there, they were not getting the information. They got erroneous information. They go to a hearing in 2006, and they're told it costs $80 million for this project, and they find out it's $18 million. Just to push the point, so in your theory of the case, even though they're on inquiry notice, it's not really much inquiry notice because, if I understand it, as long as the government is saying something that's not true that makes the tax legal, they're under no obligation to look behind that. It's a question, Judge, I think, of really the standard, a reasonable person's standard. And that's why we need to look back. I'm asking what your view is that they're entitled to rely on the government's representation. They don't have to actually look behind that. Under these circumstances, if citizens have a problem and they go to elected officials, and if it's true they've been defrauded over a number of years about facts and information and documents and access to information, why should the court impose on them the obligation to inquire any further and give them the benefit of having acted wrongfully, if it's to be believed? If I have no other questions, thank you for the extra time. Thank you. Good morning, Your Honor. May it please the Court, Tom McEnany on behalf of the municipal defendants in the town of Salisbury. This case, as you know, is about the 1992 assessment of a sewer betterment and subsequent assessment of user fees on plaintiff's property. These issues have been litigated in multiple forums by the parties, which date back to 1997 in messages at Superior Court, which case was appealed and upheld, a judgment in favor of the town was upheld. There were also filings before the local Board of Assessors with respect to an application for abatement in 2001, another one in 2005, all related to these same charges. The 2005 case was an appeal to the Appellate Tax Board, which issued a decision in favor of the town again, which was challenged in the Appeals Court, which upheld the Appellate Tax Board decision. The plaintiffs sought further appellate review with the SJC, which was denied. They then filed this complaint. I'm sorry, just a question. Were the plaintiffs proceeding pro se in those cases? In the first Superior Court case, my understanding is that they were represented by counsel. In the Appellate Tax Board case, they appeared pro se. The Appeals Court decision, the Appeals Court never actually held an oral argument in that case. They actually filed a brief pro se. And was discovery conducted in any of those proceedings by the plaintiff? I don't know, Your Honor. I was not involved. Nor was my law firm involved in the 1997 case. I would tend to assume that it was since it did go to trial. And it's essentially, Your Honor, this is nothing more than an attempt here to recast the same claims that have been litigated unsuccessfully by these plaintiffs in multiple actions before the Massachusetts State Court and agencies. They're attempting to cast these now as civil rights violations in order to avoid the application of the statute of limitations, which applies, as well as the doctrine of res judicata, which would bar their relitigation of these same claims, which they have unsuccessfully litigated with the exception of the First Amendment claim, which I will address separately. The statute of limitations issue is pretty clear here. They were on inquiry notice at least since 1994 with respect to the injury in question. Why is that? So what was the injury they were on notice of? In 1994, their alcohol license was revoked due to nonpayment of taxes, and specifically the sewer betterment assessment. But they didn't consider that an injury, did they? I thought the injury was that they were subject to an unlawful tax. And the tax in question was the betterment assessment, which their failure to pay resulted in the revocation of the license. They then challenged that in Superior Court in 1997. Assuming it was a lawful tax. They also alleged in that Superior Court action. It wasn't recorded. Yes, Your Honor. In the complaint which was filed in the Superior Court action, which was part of the appendix, they specifically indicate that the town failed to accurately and properly assess the betterment. But because they thought that the – I thought their argument was, unless you're disputing this, I didn't think you were disputing it, that they weren't aware of the fact that's the premise of their current claim, namely that the town incurred no expense for the project that they were assessing, whatever the tax, until 2005.  That's their allegation, Your Honor, and for purposes of this motion, we accept it as true. However, that's not the inquiry. The inquiry is – I guess my question is why isn't that the inquiry? Because what the case law says, Epstein in particular, is they were on inquiry notice at the time when the harm occurs. The harm occurred here in at least 1994, if not before, in 1992, when the betterment is assessed, and clearly they had knowledge of the assessment of the betterment. Their license was revoked. Their alcohol license was revoked because they failed to pay the betterment, and then they ultimately challenged that in the 1997 Superior Court case. They also filed an application for abatement of that same betterment in 2001 with the local board, which was denied, never appealed to the appellate tax board. They subsequently filed the same appeal again in 2005, which was again denied as untimely. They appealed that to the appellate tax board where there was a hearing held, and ultimately, again, judgment was entered in favor of the town, which was appealed and affirmed. So if the government represents that it's a betterment tax to recoup costs that the government has incurred, in order to preserve your claim, you have to assume that's not true if you're a citizen of the town? No, you would have to – And sue right away? If you have an issue with the assessment, which they did from the get-go, that's when you have – Well, they did because their problem with it was the recording issue, which they challenged. But you're saying to preserve their right to challenge the legality of the tax on the ground that it couldn't have been a betterment tax because the town wasn't incurring any expense, they have to just disregard the representation by the town that it was to recoup an expense? General Laws, Chapter 60, Section 98, also specifically addresses challenges to the validity or the legality of a tax, and under that statute, what it specifically states in the case law that interprets it is you need to pay the tax under protest and then file suit within three months in superior court, which they failed to do. They have failed to pay the tax. They failed, obviously, to file any action in superior court in a timely fashion. As a result – That might be a substantive reason on the merits to knock out their federal claim because they didn't exhaust state remedies. That's different than the argument that it's time barred as a federal claim because they were on notice of the illegal tax at the moment the tax was levied. It's our position that they were on notice that they had been harmed in 1992, 1994, or at the latest in 1997 when they filed the superior court action, challenging, among other things, the propriety and the validity essentially of that betterment assessment. It's not knowledge of every element or every fact that you're going to need to prove your case that you have to know about in order for the statute of limitations to be triggered. The question is when were you on notice of harm and were you under an obligation at that time to undertake any type of an investigation? And it's our position that they, in fact, were at least since 1997, if not sooner. And as a result, the statute of limitations would bar any of those claims. With respect to the issue of fraudulent concealment, which my brother raised at the end of his portion of the argument, there's no, under Rule 9, any types of allegations of fraud have to be pled with specificity. There's no allegations specifically in the complaint that deal with who, when, or exactly what type of conduct any town official engaged in in order to conceal facts with respect to this particular matter. With respect to the First Amendment claim, the issue is clear in order to maintain a claim under the First Amendment. It has to be constitutionally protected speech, which has to be a substantially driving or motivating factor in making a retaliatory decision. The conduct of individuals under Section 1983 liability must be evaluated based upon what it was that those individuals actually did. Here, what we have are conclusory and generic allegations that the plaintiffs were prohibited from speaking about an issue that they wanted to raise at the particular time when they wanted to raise it, at either a Board of Selectmen or town meeting. In both instances, as the Court has recognized, the state statutes are in place which allow for the chair, in the case of the Board of Selectmen, or the moderator, in the case of town meeting, to regulate and to decide issues of order concerning the proceedings that are before them. There is no right, necessarily, to speak at a meeting in public. Under Massachusetts law or under the open meeting law, meetings have to be held in public, but that does not necessarily give the public the right to participate in a meeting. There's no indication from the factual allegations that are contained in the complaint that, with respect to, A, who did what, there's no allegations that the speech in question was constitutionally protected. There's no harm that necessarily flows from the allegations that's specifically caused by their failure to be allowed to speak when they chose to, when they wished to speak about these particular issues. And there's no specificity concerning any individuals from the town in question with respect to these issues. And as a result, under the standard identified in Ashcroft and Iqbal, there's no plausible entitlement to relief. And that's essentially the theme of the complaint is that there are bald, bold, and conclusory type allegations contained throughout the complaint. They've named 31 different defendants as well as their predecessors in interest with respect to certain offices and positions at the town. With the exception of the town moderator, there's no indication that any of these individuals, as to what specifically these individuals have done. And as a result, because the complaint contains merely conclusory and vigor vague allegations, it doesn't meet the required standard, and the district court was correct in entering the order of dismissal. If the court has any further questions, I would just rest on my brief, as well as the decision that was made by Judge Dean, which was a fairly comprehensive 52-page decision dealing with these particular issues. There's one last issue, Your Honor, that I do want to bring to your attention, which we just discovered yesterday. We had filed with respect to the plaintiff, Grace Marie Tomaselli, a suggestion of bankruptcy, and were told that it wasn't going to stay these particular proceedings. We learned that Joyce Tomaselli has also filed a separate petition for bankruptcy. Apparently, with respect to Joyce Tomaselli's petition, there was a decision that was rendered by the bankruptcy court on Friday, in which dealing with a motion for relief from automatic stay that was filed by the town of Salisbury. I and my law firm do not represent the town in that proceeding. They represent a separate tax title counsel. And in that proceeding, in that decision, I should say, there's a specific indication, which apparently is similar to one that was granted in the Grace Marie Tomaselli case, that any defenses and or causes of action that the plaintiff has against the town of Salisbury lie with the trustee as part of the bankruptcy estate and not with the plaintiffs individually. We just learned about this yesterday. I'm happy to file a supplemental motion addressing this issue. Could you file a 28-J, both of you, bringing us up to par on the status of the bankruptcy proceeding and how it impacts this proceeding? Certainly. Are you saying it's your understanding that this claim now before us belongs to the trustee? That's my understanding from reading the decision yesterday. I received it yesterday afternoon. Apparently it was issued sometime on Friday afternoon. File something because we need to know what the trustee's position is with regard to this lawsuit. Certainly. I have nothing further unless the court has any further questions. Does this plaintiff's counsel have any information about the bankruptcy? Very little other than what was indicated by my brother judge. He did bring this issue to my attention. We discussed it, and I understood he was going to bring it to your attention. I understand the seriousness of it, so whatever the court decides. It's called burying the lead. That's called burying the lead. Because the trustee might not want any parts of this lawsuit. Was any of the argument you presented here today, Mr. Gleeson, authorized by the trustee? No. And I became aware of this ten minutes before we walked into the courtroom at the house and was kind enough to let me know. Thank you.